UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

-vs-                                                Case No.  1:09-cr-25-4-TCB

Oscar Eduardo Galvis-Pena

                                                    Defendant's Attorney:
                                                    James Hodes
_____

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §1956(h) | Conspiracy to Commit Money Laundering | 1 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Counts dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       N/A           Date of Imposition of Sentence:  December 12, 2013
Defendant's Date of Birth:       1972
Defendant's Mailing Address:
Atlanta, Georgia


Signed this the 12th day of December, 2013.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

1:09-cr-25-4-TCB : Oscar Eduardo Galvis-Pena

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **53 months**.

Upon completion of the term of imprisonment, the defendant shall be remanded to a duly authorized immigration official upon release from custody for possible deportation.

The Court recommends that the defendant be incarcerated as close to McRae, Georgia as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:09-cr-25-4-TCB : Oscar Eduardo Galvis-Pena

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three years.**

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

Defendant shall participate as directed in a program approved by the Probation Officer for treatment or narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

The defendant shall cooperate in collection of DNA at the direction of his Probation Officer.

The defendant shall submit to a search and seizure of his person, property or residence, vehicle papers, computer, other electronic communication or data storage devices ro media, and effects at the direction of his Probation Officer. The defendant shall warn other residents that the premises may be searched.

The defendant shall submit to a financial audit and make a complete disclosure of his finances at the direction of the Probation Officer. The defendant shall not incur new credit charges or open new lines of credit without first obtaining authorization from the Probation Officer.

If deported, the defendant shall notify, in writing and within ten calendar days, the United States Probation Officer in the Northern District of Georgia of his current address in the country to which he is deported.

If deported the defendant shall not reenter the United States without first obtaining permission from the Attorney General of the United States.

1:09-cr-25-4-TCB : Oscar Eduardo Galvis-Pena

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.     The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.     The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.     The defendant shall support his or her dependents and meet other family responsibilities;

5.     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.     The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.     The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.    The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:09-cr-25-4-TCB : Oscar Eduardo Galvis-Pena

## FORFEITURE

It is ordered that all of the Defendant's right, title and interest in the property identified in the Order of Forfeiture pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461 is forfeited.